IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ROMI ANDERSEN | * | |
| Plaintiff, | * | |
| v. | * | Case No. _____ |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2066-2 MORTGAGE LOAN ASSET SECURITIES TRUST 2006-2 MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2006-2, et al. | * * * * * | Circuit Court for Baltimore City Removed Case No. Case No. 24-C-12-000426 CN |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

TO:   United States District Court for the District of Maryland, Northern Division:

Pursuant to 28 U.S.C. § 1441, Defendant Deustche Bank National Trust Company, as Trustee for the registered Holders of Saxon Asset Securities Trust 2066-2 Mortgage Loan Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2 ("Removing Defendant"), hereby removes the action *Romi Andersen v. Deutsche Bank National Trust Company, et al.*, Case No. 24-C-12-000426, from the Circuit Court for Baltimore City, Maryland.

1.   Plaintiff filed a Complaint on January 23, 2012 with the Circuit Court for Baltimore City, Maryland. (Exhibit A, Complaint.)

2. Ocwen Loan Servicing, LLC, Saxon Mortgage Services, Inc. and Deutsche Bank National Trust Company responded to the Complaint by filing a General Denial on March 8, 2012. (Exhibit B, Answer.)

## I. JURISDICTIONAL BASIS FOR REMOVAL

3. Jurisdiction over this removed action exists pursuant to 28 U.S.C. § 1441, because this action could have been filed in the United States District Court pursuant to 28 U.S.C. §§ 1331 and 1332(a).

### A. Federal Question

4. The United State District for the District of Maryland has original jurisdiction over this civil action because Plaintiff asserted a claim under the laws of the United States, including 15 U.S.C. § 1692, *et seq.*

### B. Diversity of Citizenship

5. In determining whether diversity is satisfied, the citizenship of the named plaintiff is determined at the time the complaint is filed and at the time of removal. *See generally Freeeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (*per curiam*).

6. Plaintiff Romi Andersen is a citizen of Maryland and the owner of the real property known as 1147 Martin Drive, Westminster, Maryland 21157. (Exhibit A, ¶6.)

7. Removing Defendant, Deutsche Bank National Trust Company is national banking association which for jurisdictional purposes is a citizen of the state where its main office is located. *Adam v. Wells Fargo Bank, N.A.*, 2011 WL 3841547 (D.Md. 2011). Removing Defendant's main office is in New York. Therefore, Removing Defendant is not a citizen of Maryland.

8. Ocwen Loan Servicing, LLC ("Ocwen"), <u>which has consented to the removal of this action by Removing Defendant</u>, is a limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). The sole member of Ocwen is Ocwen Financial Corporation, which is a Delaware corporation with its principal place of business in Florida. Therefore, Ocwen is not a citizen of Maryland.

9. Saxon Mortgage Services, Inc. ("Saxon"), <u>which has consented to the removal of this action by Removing Defendant</u>, is a Texas corporation with its principal place of business in Texas. Therefore, Saxon is not a citizen of Maryland.

10. Accordingly, diversity of citizenship is satisfied.

**C.    Amount in Controversy**

11. Plaintiff seeks damages of not less than $100,000.00 for Counts I and II and not less than $75,000.00 for Count III.

12. Because Plaintiff seeks relief in excess of $75,000 against Removing Defendant, the requisite amount in controversy for federal diversity jurisdiction is satisfied.

**II.    PROCEDURAL REQUIREMENTS FOR REMOVAL**

13. Removing Defendant was not served with the Complaint, but nonetheless filed a response to the Complaint on March 8, 2012. (Exhibit B.)

14. "The Supreme Court has also cautioned that the 30-day period for removal is not triggered if the defendant receives a complaint unattended by 'formal service.'" *Samuels v. Two Farms, Inc.*, WL 4103670, *2 (D.Md. Oct. 18, 2010); citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999); *see also DiLoreto v. Costigan,* 351 F.App'x 747, 750 (3rd Cir. 2009) (construing *Murphy Brothers* to

hold that "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service"); *Borchers v. Standard Fire Ins. Co.,* WL 2608291, at \*2 (N.D.Cal. June 25, 2010) (same); *Granovsky v. Pfizer, Inc.,* 631 F.Supp.2d 554, 559 (D.N.J.2009) (same); *Brown v. Bristol-Myers Squibb Co.,* WL 34213425, at \*4 (S.D.Miss. Nov. 2, 2002) (same, listing cases).

15. Because Plaintiff did not serve Removing Defendant, the 30 period to remove did not begin to run until March 8, 2012 when Removing Defendant filed its response to the Complaint. Thus, this Notice of Removal has been timely filed.

13. A copy "of all process, pleadings and orders," not already marked as an exhibit, that Removing Defendant has obtained is attached. (Exhibit C)[1].

14. As required by 28 U.S.C. § 1441(a), this civil action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Maryland, Northern Division embraces Baltimore City, Maryland. *See* 28 U.S.C. § 100(1).

15. Removing Defendant is filing written notice of this removal (Exhibit D), without exhibits), with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). A copy of the Removing Defendant's Notice to the United States District Court, together with this Notice of Removal, are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Deustche Bank National Trust Company, as Trustee for the Registered Holders of Saxon Asset Securities Trust 2066-2 Mortgage Loan Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2, Ocwen Loan Servicing,

---

[1] Included with this filing is a "Consent Motion to Vacate Orders of Default" filed by Saxon and Ocwen, which is ripe for the Court's ruling.

LLC and Saxon Mortgage Services, Inc. respectfully remove this action to the United States District Court for the District of Maryland, Northern Division pursuant to 28 U.S.C. § 1441.

Dated this 6th day of April 2012.

                        Respectfully submitted,

                        Linda S. Woolf (Fed. Bar No. 08424)
                        Christopher M. Corchiarino (Fed. Bar No. 27844}
                        Goodell, DeVries, Leech & Dann, LLP
                        One South Street, 20th Floor
                        Baltimore, Maryland 21202
                        Telephone: (410) 783-4038
                        Facsimile:  (410) 783 4040
                        lsw@gdldlaw.com
                        cxc@gdldlaw.com

                        ***Attorneys for Defendant***
                        ***Deustche Bank National Trust Company, as Trustee for the Registered Holders of Saxon Asset Securities Trust 2066-2 Mortgage Loan Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2***

4811-7837-0575, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 9th day of April 2012, a copy of the foregoing was mailed first class, postage prepaid to:

Phillip R. Robinson, Esquire
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703

*Attorney for Plaintiff*

_____
Christopher M. Corchiarino